UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| US POLYMERS-ACCUREZ, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2371 RLW |
| | ) |
| KANE INTERNATIONAL CORP. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Kane International Corp.'s Motion to Compel US Polymers-Accurez, LLC's Production of Financial Documents (ECF No. 174).[1] This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Likewise, Rule 26 governs the scope of discovery in federal matters:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

---

[1] The Court previously provided a "Background" of this case in its September 19, 2018 Memorandum and Order (ECF No. 82) and does not repeat that information here. The Court refers to Kane International Corp. as "Kane" and US Polymers-Accurez, LLC as "USPA".

## DISCUSSION

### I. Kane's Motion to Compel against USPA

Kane seeks USPA to produce:

(a) Balance sheets,

(b) Cash flow statements,

(c) Income statements,

(d) Profit and loss statements,

(e) General ledgers,

(f) Pro forma financial statements,

(g) Audited financial statements,

(h) Unaudited financial statements,

(i) Compiled financial statements,

(j) Internal financial statements,

(k) Valuations,

(l) Quality of earnings reports,

(m) Sales by customer and product,

(n) And other financial documents and analyses, to the extent that the same exist for the years 1997 to the present.

USPA claims that this request is overbroad and unduly burdensome. In particular, USPA notes that Kane seeks documents dating from 1995, even though it only alleges damages from January 2017. (ECF No. 180 at 2). USPA asserts that it has produced financial records related to the ink resins sold. Having these records, Kane should be able to perform a lost profits

analysis. (ECF No. 180 at 4). USPA asserts that Kane has never identified a "specific list" of documents needed to perform its analysis needed for an effective mediation. USPA argues that, from the documents already produced, "Kane can determine: (1) USPA's lost gross revenue and gross profits on the sale of products 7890 and 2085 (the two ink resins USPA alleges Kane misappropriated); (2) USPA's lost gross revenue from the raw material pricing and pricing manipulation Kane induced by illegal payments to USPA employees; and (3) importantly, Kane's own alleged lost profits from January 2017 to the present." (ECF No. 180 at 8).

Kane responds that the purported financial documents produced by USPA are not as USPA alleges they are. Rather, Kane states that the only "financial record" produced was a 900 page PDF document (sorted in a manner that rendered it useless) and a list of sales since May 2017 (which lacks crucial information). (ECF No. 183 at 4). Kane further notes that USPA asserts $30 Million in damages for actual loss caused by the misappropriation of USPA's trade secrets, as well as actual and consequential damages caused by the employees' alleged breach of fiduciary duty in an amount to be proven at trial. (ECF No. 183 at 4 (citing Complaint, ECF No. 1)). Kane asserts USPA has put its financial condition at issue with its damages claim, and Kane should be afforded discovery related to USPA's benefits from USPA's breach of its non-compete agreement and misappropriation of Kane's trade secrets. (ECF NO. 183 at 4).

The Court agrees that USPA has put its financial condition at issue based upon its claim that it lost money due to Kane's misappropriation of trade secrets. *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10CV01863 JAR, 2012 WL 1554908, at *3 (E.D. Mo. May 1, 2012) ("The Court also finds that Allied's financial condition is relevant to its affirmative defenses."). The Court, however, agrees that discovery requests seeking documents dating back from 1995

are overbroad and unduly burdensome. Accordingly, the Court orders USPA to produce the requested documents, dating back 10 years from the date of this Order.

**IT IS HEREBY ORDERED** that Kane International Corp.'s Motion to Compel US Polymers-Accurez, LLC's Production of Financial Documents (ECF No. 174) is **GRANTED**, in part. USPA shall produce the requested documents, dating back 10 years from the date of this Order, no later than **June 20, 2019.**

Dated this 11th day of June, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE